IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

AUDREY LARSHIN,

       Petitioner,            No. CIV S-10-0835 FCD GGH P

   vs.

RAUL LOPEZ,

       Respondent.      <u>ORDER</u>

_____/

        On June 27, 2011, the court denied this habeas petition, granted a certificate of appealability, and entered judgment.  Petitioner, a state prisoner proceeding with counsel, filed an untimely notice of appeal on August 9, 2011.  Because this court's judgment was entered on June 27, 2011, the notice of appeal was due no later than July 27, 2011, making the petitioner's notice late by 13 days.

        On November 21, 2011, counsel filed a "Request To Extend Time To File a Notice of Appeal," accompanied by counsel's declaration.  Counsel asked that the court extend petitioner's time to file a notice of appeal because counsel, who is "the only attorney actively representing" petitioner, was ill at the time the notice of appeal was due.  <u>See</u> Doc. No. 37, pp. 3-4.

\\\\\

On December 13, 2011, the court filed an order stating that it declined to entertain the extension motion, because this court lacked jurisdiction to do so. The relevant portion of the December 13, 2011 order read:

> A motion for an extension of time to file a notice of appeal is governed by Federal Rule of Appellate Procedure 4, and must be filed no later than thirty days after the original appeal period has expired. See Fed. R. App. Proc. 4(a)(5)(A)(i). In this case, the motion for an extension of time was filed 117 days after the expiration of the deadline for filing a timely appeal.
>
> The requirement that motions for extension of the time to file a notice of appeal be filed within thirty days of the original deadline is mandatory and jurisdictional. See United States v. Sadler, 480 F.3d 932, 936-37 (9th Cir. 2007); Alaska Limestone Corp. v. Hodel, 799 F.2d 1409, 1411 (9th Cir. 1986). Petitioner's failure to file a timely motion for extension prohibits this court from reviving his right to appeal. See Alaska Limeston Corp. v. Holdel, 799 F.2d at 1411.
>
> This court is therefore without jurisdiction to consider petitioner's motion for an extension of time to file a notice of appeal - not only has the notice of appeal already been filed, but there is no relief that this court can fashion for petitioner. Accordingly, petitioner is advised that this court shall not entertain the November 21, 2011 motion.

Doc. No. 38 at 2 (footnotes omitted).

Petitioner has now filed a second motion for an extension of time to file an appeal, raising arguments identical to those presented in his prior motion, and advising that the Court of Appeals has remanded the appeal to this court for the limited purpose of considering a motion to extend the time to file an appeal under Federal Rule of Appellate Procedure 4(a)(5). See Doc. No. 39 at Ex. A.

This second motion for an extension was filed on January 17, 2012, 174 days after the original appeal period expired.

As the court noted in its December 13, 2011 order, this court lacks jurisdiction to entertain a motion under Federal Rule of Appellate Procedure 4(a)(5) when the motion is filed more than thirty days after the original appeal period expired. Petitioner's renewed motion was filed 174 days after the original appeal period expired. Accordingly, petitioner is again advised that this court lacks jurisdiction to consider this renewed motion for an extension of time to file

1   an appeal, and may not entertain it.  See United States ex rel. Haight v. Catholic Healthcare

2   West, 602 F.3d 949, 957 (9th Cir. 2010) (remand to consider nunc pro tunc extension under Rule

3   4(a)(5) is "futile, because the district court is prohibited from granting an extension in the

4   absence of a timely motion.").[1]

5              The Clerk shall serve a copy of this order on the United States Court of Appeals

6   for the Ninth Circuit.

7   DATED: March 29, 2012

8                                    /s/ Gregory G. Hollows
                                     UNITED STATES MAGISTRATE JUDGE

9

10

GGH:rb
11  lars0835.renewed eot

12

13

14

15

16

17

18

19

20

21

22  ─────────────

23       [1]The undersigned has also considered the reopening Fed.R.App. P. 4 (a)(6), but petitioner
    does not allege that he did not received timely notice of entry of judgment.  Moreover, even
24  considering the pro se rule that almost any piece of paper filed within the time period in which to
    appeal, that evidences an intent to appeal, will constitute a notice of appeal, see Klemm v.
25  Astrue, 543 F.3d 1139, 1144 (9th Cir. 2008) citing Haney v. Mizell Mem. Hosp., 744 F.2d 1467,
    1472 (9th Cir. 1984) (filing for IFP on appeal constituted a notice of appeal), nothing was filed
26  between the time of judgment and the attorney withdrawal motion filed after the time period for
    appeal had expired.